PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BRIAN LEE HUNT,

        Petitioner,

   v.                                        22-CV-06085 DGL
                                                    ORDER
ANTHONY ANNUCCI, Acting
Commissioner,

        Respondent.

---

    *Pro se* Petitioner Brian Lee Hunt, a prisoner confined at the Wende Correctional Facility, brings this Petition seeking relief under 28 U.S.C. § 2254.  Docket Item 1. Because Petitioner is challenging his state court criminal conviction and sentence in Onondaga County Court, located in Syracuse, New York, this case will be transferred to the United States District Court for the Northern District of New York.[1]

   Pursuant to 28 U.S.C. § 2241,

> [w]here an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, **the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him** and each of such district courts shall have concurrent jurisdiction to entertain the application.  The district court for the district wherein such an application is filed in the exercise of its

---

[1] Petitioner's judgment of conviction was entered on or about January 18, 1990.  Docket Item 1 ¶ 1 at 1. On June 7, 1991, the New York State Supreme Court, Appellate Division, Fourth Department modified the judgment by providing that the sentences on the burglary convictions were to run concurrent with the sentence on the felony murder conviction and affirmed the conviction as modified. *People v. Hunt*, 174 A.D.2d 980, 572 N.Y.S.2d 139 (4th Dept., 1991); *see also* Docket Item 1 ¶ 9 at 2.  Petitioner did not seek leave to appeal to the New York Court of Appeals, *see* N.Y. Crim. Proc. Law, § 460.20.  Docket Item 1-1 at 5-7.  The question whether the Petition is timely under 28 U.S.C. § 2244(d)(1)-(2) or subject to the doctrine of equitable tolling is left to the transferee court for determination.

discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d) (emphasis added).

Because Onondaga County Court is located in the Northern District, the records relating to the Petitioner's underlying criminal conviction and sentence will be located in that district. Therefore, this Court finds that the Northern District, which has concurrent jurisdiction to entertain this Petition, would be a more appropriate forum. *See* 28 U.S.C. § 2241(d); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 499 (1973).

Petitioner has filed a Motion seeking leave to proceed as a poor person, which is left to the determination of the transferee court. In the interest of justice, the Court orders that this case be transferred to the United States District Court for the Northern District of New York. *See* 28 U.S.C. § 1406(a).

SO ORDERED.

Dated:  February 23, 2022
        Rochester, New York

_____
DAVID G. LARIMER
UNITED STATES DISTRICT JUDGE

2